UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CRUMP,<br><br>   Plaintiff,<br><br>   v.<br><br>Warden GREGORY AHERN; Alameda Sheriff M. GORDON,<br><br>   Defendants.<br>_____/ | No. C-12-4357 EMC (pr)<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS; AND**<br>**(2) REFERRING TO MAGISTRATE JUDGE FOR SETTLEMENT**<br><br>**(Docket No. 12)** |

## I. INTRODUCTION

This is a federal civil rights action filed by a *pro se* prisoner against an employee of Santa Rita Jail. The one remaining Defendant, Deputy Gordon, moves for judgment on the pleadings and summary judgment regarding the sole claim of retaliation. For the reasons stated herein, Defendant's motion is **DENIED**.

## II. BACKGROUND

The following facts are undisputed unless otherwise noted:[1]

Plaintiff's claim arises from a June 23, 2012, incident at Santa Rita jail. Plaintiff alleges that he filed a notice of appeal to the Ninth Circuit and a complaint to the Commission of Judicial Appointments regarding his state court judge and his trial counsel. Opposition at 2. Plaintiff alleges that Deputy Gordon told him the state court judge did not appreciate the complaints and Deputy Gordon stated on this one occasion, "that if [plaintiff] continued to do so, not only would [he] be

---

[1] Defendant has not provided a declaration refuting Plaintiff's facts or providing another version of the incident.

lynched in his cell, but that physical harm would be brought to plaintiff's family as well." *Id*. Plaintiff states that he is in fear for his own and his family's safety. *Id*. No harm ever befell plaintiff or his family.

### III. DISCUSSION

A. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322 (citation omitted).

B.      Retaliation

      1.      Legal Standard

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

A prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect. *Rhodes*, 408 F.3d at 567-68 n.11; *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim is not actionable unless there is an allegation of harm). However, as discussed below, a threat of harm may suffice if it induces a chilling effect. The prisoner need not demonstrate a total chilling of his First Amendment rights in order to establish a retaliation claim. *See Rhodes*, 408 F.3d at 568-69. That a prisoner's First Amendment rights were chilled, though not necessarily silenced, is enough. *Id.* at 569.

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997). Retaliatory motive may be shown by the timing of the allegedly-retaliatory act and inconsistency with previous actions, as well as direct evidence. *Bruce v. Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2003).

      2.      Analysis

After reviewing Defendant's motion and Plaintiff's verified opposition and complaint, it is evident his claim sufficiently meets the five elements discussed in *Rhodes* to proceed past summary judgment. Plaintiff was threatened for filing an appeal to a higher court, which is protected conduct. *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995). Plaintiff states that he was in fear for his safety and the safety of his family and it is clear that the threat did not advance a legitimate correctional goal. Defendant argues that the threat does not qualify as an adverse action, as no physical harm every befell plaintiff or his family. However, a warning or a threat implying adverse

consequences for engaging in protected conduct may be sufficient to constitute "adverse action." *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009).

In *Brodheim*, the Plaintiff was threatened with a transfer for filing inmates appeals, but was never transferred. *Id*. at 1269. The district court granted summary judgment for the Defendant as the transfer never occurred, concluding there was no retaliation. *Id*. The Ninth Circuit reversed stating, "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Id*. at 1270 (emphasis in original). The Ninth Circuit further stated:

> [Plaintiff] need not need establish that [Defendant's] statement contained an explicit, specific threat of discipline or transfer if he failed to comply. As the Second Circuit held in a related context, the question for the district court to ask is whether "the record, taken in the light most favorable to the plaintiff, reveals statements by the defendant that a reasonable factfinder could ... interpret as intimating that some form of punishment or adverse regulatory action would follow." *Okwedy v. Molinari*, 333 F.3d 339, 343 (2d Cir. 2003) (per curiam) (internal marks omitted).

*Id*. at 1270.

Looking at the facts in this case a reasonable factfinder could find intimidating the statements that Plaintiff would be lynched and that his family would suffer physical injury if Plaintiff continued to file appeals to a higher court. While it is undisputed that there was no pattern or practice by Defendant in threatening Plaintiff, the Court cannot find as a matter of law that the threat of physical harm to Plaintiff and his family to be de minimis and outside constitutional protection, especially in light of *Brodheim*.

Defendant also argues that Plaintiff has failed to show a nexus between the adverse activity and protected speech. Yet, this is evident based on Defendant's statement that the threat to Plaintiff was in response to his Ninth Circuit appeal and letter to the state agency. The Court also finds that a reasonable person could be chilled by the threats against Plaintiff and his family. *See Brodheim*, 584 F.3d at 1271 (threat of transfer or discipline was sufficient to chill a person of ordinary firmness

from further First Amendment activities).[2] Defendant's motion is denied as there are disputed issues to be resolved at trial.

In light of the Court's denial of this motion, this case shall be referred to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. The proceedings will take place **within one-hundred and fifty days** of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, **within seven days** after the conclusion of the settlement proceedings, file with the Court a report for the proceedings.

## IV.   CONCLUSION

1. Defendant's motion for judgment on the pleadings and summary judgment (Docket No. 12) is **DENIED**.

2. The case is referred to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. The Clerk will send to Magistrate Judge Vadas in Eureka, California, a copy of this order.

This order disposes of Docket No. 12.

IT IS SO ORDERED.

Dated: October 2, 2013

EDWARD M. CHEN
United States District Judge

---

[2] To the extent Plaintiff's opposition sought to add an Eighth Amendment claim, any such request is denied. This action continued only on a retaliation claim and regardless, threats and verbal harassment fail to demonstrate an Eighth Amendment violation. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute an Eighth Amendment violation).